LOUISE S. DREW *vs.* WESTERN UNION TELEGRAPH COMPANY.

Androscoggin.   Opinion December 30, 1913.

*Assumpsit.   Breaches.   Covenants.   Debt.   Lease.   Sealed Lease.*

When one covenants or agrees under seal with another to pay a sum, or to do an act the other cannot maintain assumpsit for a breach of the agreement. The action must be debt, or covenant broken.

On report. Judgment for the defendant, but without prejudice to the right of the plaintiff to bring and maintain an action for covenant broken upon the same instrument.

This is an action of assumpsit to recover damages as alleged in the declaration, for breaches of certain promises, covenants and agreements to do certain acts, contained in a certain lease and indenture under seal. The lease was offered in evidence by the plaintiff, and its admissibility was objected to by the defendant. The question of the admissibility of said lease was reported to the Law Court under the following agreement and stipulation. The declaration, plea joinder and brief statement are to be printed together with lease from plaintiff to the defendant and is the instrument declared on in the writ. It is offered by the plaintiff and its admission objected to by the defendant. If the Law Court shall be of the opinion that this paper is admissible under the pleadings, the case is to be sent back for trial on the merits; otherwise, judgment is to be entered for the defendant.

The case is stated in the opinion.

*A. L. Kavanagh,* for plaintiff.

*Ralph W. Crockett,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, HANSON, PHILBROOK, JJ.

SAVAGE, C. J.   This action was brought "in a plea of the case" namely, assumpsit, to recover damages, as set forth in the declara-

tion, for breaches of certain "promises, covenants and agreements" to do certain acts, contained in a certain "lease and indenture." The lease was offered in evidence by the plaintiff. It was under seal. On this ground, its admissibility to support an action on the case was challenged by the defendant. Thereupon, the question of admissibility was reported to this court.

The precise question involved was determined by this court in *Dann* v. *Auburn Electric Motor Company,* 92 Maine, 165, and that case is decisive of this one. It was there held that "when one covenants or agrees under seal with another to pay a sum or to do an act, the other cannot maintain assumpsit upon the agreement. The action must be debt or covenant broken." Therefore the lease under seal was not admissible to support an action in assumpsit.

In accordance with the stipulation, the certificate will be,

> *Judgment for the defendant, but without prejudice to the right of the plaintiff to bring and maintain an action for covenant broken upon the same instrument.*